IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDRE L. TINNON,

    Plaintiff,

v.

GARY BOUGHTON, ET AL.,

    Defendants.

ORDER

Case No. 19-cv-420-wmc

    Plaintiff Andre L. Tinnon, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983 and requests leave to proceed without prepayment of the filing fee in this case. To date, plaintiff has not filed a certified copy of a trust fund account statement in support of the motion for leave to proceed without prepaying the fee. However, on April 30, 2019, plaintiff filed a six-month trust fund account statement (dkt. #7) in cases 19-cv-314-wmc. Therefore, I will adopt the six-month trust fund account statement (dkt. #7) filed in cases 19-cv-314-wmc for this case. After considering the six-month trust fund account statement plaintiff submitted in cases 19-cv-314-wmc, I conclude that plaintiff qualifies for indigent status.

    Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I conclude plaintiff's initial partial filing fee to be $2.55. For this case to proceed, plaintiff must submit this amount on or before June 18, 2019.

ORDER

IT IS ORDERED that,

1. Plaintiff Andre L. Tinnon is assessed $2.55 as an initial partial payment of the $350.00 fee for filing this case. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $2.55 or advise the court in writing why plaintiff is not able to submit the assessed amount on or before June 18, 2019. If plaintiff does not have enough money to make the initial partial payment from plaintiff's regular account, plaintiff should arrange with authorities to pay the remainder from plaintiff's release account.

2. If, by June 18, 2019, plaintiff fails to make the initial partial payment or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff filing this case at a later date.

3. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 28th day of May, 2019.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge