IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDRE L. TINNON,

                    Plaintiff,                              OPINION and ORDER

        v.                                                 Case No.  19-cv-420-wmc

GARY BOUGHTON WARDEN,
MARK KARTMAN SECURITY
DIRECTOR, ELLEN RAY OF I.C.E
DEPT., LACY DICKMAN SOCIAL
WORKER, CO A. JONES, MR. SIMCOX
PSU SUPERVISOR, DAVID GARDNER
CAPTAIN, and PSU STAFF STACEY
HOEM,

                    Defendants.

        *Pro se* plaintiff Andre Tinnon, who is currently incarcerated at the Wisconsin Secure

Program Facility ("WSPF"), filed this lawsuit pursuant to 42 U.S.C. § 1983.  He claims

that defendants, all WSPF employees, violated his constitutional rights in issuing him a

false conduct report resulting in a punishment of multiple years in solitary confinement.

His complaint is ready for screening as required by 28 U.S.C. §§ 1915(e)(2), 1915A.

Having reviewed Tinnon's complaint, the court concludes that if he wants to proceed in

this lawsuit, he will have to file an amended complaint that addresses the deficiencies

described below.

ALLEGATIONS OF FACT[1]

Andre Tinnon is incarcerated at WSPF, where the events comprising his claims took place, and where all defendants were working during the time period relevant to this case. The proposed defendants are:  Warden Gary Boughton, Security Director Mark Kartman, Inmate Complaint Examiner Ellen Ray, Social Worker Lacey Dickman, Correctional Officer A. Jones, Psychological Services Unit ("PSU") supervisor Mr. Simcox, Captain David Gardner, and PSU staff Stacey Hoem.

Tinnon alleges that he received a conduct report in 2018, accusing him of being affiliated with the prison gang, Black Gangster Disciples.  In particular, he was accused of recruiting and teaching inmates about what membership in that gang means.  Tinnon alleges that this accusation was completely false.  He admits that he used to be in that gang in the early 1990s, but is no longer affiliated with it.  Tinnon refers to 270 pages of exhibits attached to his complaint (*see* dkt. #1-1), which he says show that the accusations are wrong, and that the charges arose from legal work Tinnon possessed, not any effort to participate in gang activities.  Tinnon does not detail who was involved in the conduct report hearing process, the exact details of his punishment, or how any of the named defendants were involved in these events.

---

[1]  For screening purposes, the court assumes the following facts based on the allegations in plaintiff's complaint, resolving ambiguities and drawing all reasonable inferences in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

OPINION

Plaintiff's complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8.  Rule 8 requires "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added).  Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff has not invoked any constitutional principles to support his claims against defendants.  To the extent plaintiff claims *only* that the charges outlined in the conduct report are false, that assertion does not support a claim cognizable under § 1983, since allegations of a false conduct report do not state a claim for deprivation of due process.  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006) (false conduct reports do not create due process claim because inmate has the ability to litigate truthfulness of report during hearing process).

In fairness, it may be that plaintiff intends to challenge the procedures surrounding the conduct report proceedings, not just the false allegations within that report.  If that is the case, his Fourteenth Amendment due process rights may be implicated.  The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV, § 1.  To prevail on a § 1983 procedural due process claim, a plaintiff must demonstrate that he:  (a) has a cognizable interest; (b) has suffered a deprivation of that interest; and

(c) was denied due process. *Kahn v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010).  Generally, a prisoner facing transfer to and confinement in segregation is "entitled to informal, nonadversarial due process." *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012) (citing *Wilkinson v. Austin*, 545 U.S. 209, 211-12 (2005)).  "Informal due process requires only that the inmate be given an opportunity to present his views" to a neutral decisionmaker. *Id*. at 685 (internal quotation marks omitted).  "If the prison chooses to hold hearings, inmates do not have a constitutional right to call witnesses or to require prison officials to interview witnesses." *Id*. (citations omitted).  Finally, inmates are not entitled to a written decision but only to review by a neutral decisionmaker. *Id* at 686.

Still, even assuming plaintiff intends to pursue a procedural due process claim related to conduct report proceedings, he may not proceed based on his current allegations. Indeed, plaintiff has provided no details about how any of the proposed defendants were involved in the charges lodged against him, the conduct report proceedings, any appeal of those proceedings, the exact length of time he has spent in solitary confinement due to the conduct report, or the conditions of his confinement in solitary confinement.  While plaintiff attaches 270 pages of documents to his complaint that he claims relate to his proposed claims, the court will not accept those attachments as a stand-in for Tinnon's allegations related to the events in question. *See Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 79-80 (1st Cir. 2014) ("[I]t is not [the court's] job, in an effort to ferret out the adequacy of a plaintiff's pleaded allegations, to haphazardly mine documents appended to a complaint.").

Since it is conceivable that plaintiff might be able to articulate a claim against defendants if he can allege facts that might support a due process claim under the standard set out above, the court will dismiss his complaint without prejudice, and give plaintiff a brief window of time to file an amended complaint.  Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation, paying particular attention to exactly how each of the named defendants were involved in the events surrounding the conduct report.  If he submits a proposed amended complaint by the deadline set forth below, the court will screen is under §§ 1915(e)(2), 1915A.

ORDER

IT IS ORDERED that:

1. Plaintiff Andre Tinnon is DENIED leave to proceed on any claims, and his complaint is DISMISSED without prejudice.

2. Plaintiff has until **May 31, 2021,** to file an amended complaint that states a claim upon which relief can be granted.  **Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to state a claim upon which relief can be granted.**

Entered this 10th day of May, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge